**GRAND RAPIDS GYPSUM COMPANY,**
**Plaintiff,**

v.

**Pamela E. CARTER, Defendant.**

**No. 69–Civ–299.**

United States District Court
E. D. New York.

Aug. 7, 1969.

Conrad P. Sheehan, New York City, for plaintiff.

Harry Richard Brown, East Northport, N. Y., for defendant.

JUDD, District Judge.

MEMORANDUM AND ORDER

Plaintiff has moved for summary judgment in this diversity action for foreclosure of a mortgage.

The mortgage was given in settlement of a prior action in this court to set aside as a fraudulent conveyance the deed by which title had been vested in defendant. The answer here interposed as a defense that the prior action is still pending, because the settlement had never resulted in a real agreement, and that the mortgage consequently is invalid.

Plaintiff being a foreign corporation, the settlement agreement was not signed at one sitting. The form approved by

plaintiff's attorney and signed by defendant provided for defendant to execute a bond and mortgage for $11,500, payable in installments, and for plaintiff to give her a general release. The bond and mortgage were in fact executed, and delivered to plaintiff's attorney in escrow. Three other defendants in the prior action also signed the agreement.

Plaintiff amended the agreement before signing and returning it. The amendment consisted of providing that the general release should be "in the form attached hereto," and attaching a release which was not a general release, but excluded defendant's liability on the bond. Defendant refused to accept this release, because it left her personally liable for the mortgage debt. In spite of this persisting impasse, plaintiff's attorney recorded the mortgage, and is now charged with violating the terms of the escrow.

Fortunately, legal analysis of the transaction leads to a practical result which gives effect to the apparent intent of both parties—that this mortgage be valid, and that the release not impose personal liability on the defendant.

■ Defendant's signature of the settlement agreement constituted an offer, in familiar contract-law terms. Plaintiff's signature of the agreement with an amendment constituted a counter-offer, and a conditional acceptance. Stated differently, plaintiff's signature of the agreement was equivalent to a statement that it did not wish to terminate the offer defendant (and the other parties) had made by signing the agreement. The rule is stated in Section 38 of the Restatement of Contracts:

"Rejection of Offer by Counter-Offer.

"A counter-offer by the offeree, relating to the same matter as the original offer, is a rejection of the original offer, unless the offeror in his offer, or the offeree in his counter-offer states that in spite of the counter-offer the original offer shall not be terminated."

When the counter-offer (a non-general release) was rejected, plaintiff had a choice to call the deal off or to accept defendant's offer without any amendment. By recording the mortgage, plaintiff's attorney made the choice, that it was better to accept the settlement on defendant's terms than not to obtain the mortgage at all.

■ Probably the mortgage should not have been recorded until a general release was signed and delivered, but the recording of the mortgage gave defendant the right to a general release, and equity can enforce that right even without a signed paper.

■ The general release does not defeat the mortgage, as the out-of-town plaintiff seems to have feared. A mortgage without personal liability is a common device in New York. Practising Law Institute, Real Estate Financing (1968) §§ 4.15, 5.17. Such a mortgage is legal even as a savings bank investment. Banking Law, McKinney's Consol.Laws, c. 2, § 235(6) (f). The settlement agreement would have been clearer if defendant had not signed a bond, but a bond and mortgage with a simultaneous general release should be treated as a mortgage without personal liability.

In view of the continued statutory restrictions on deficiency judgments (Real Property Actions and Proceedings Law, McKinney's Consol.Laws, c. 81, § 1371), personal liability on a mortgage is not a vital matter. This conclusion fits especially well here, where the mortgage arose from settlement of a claim which involved no personal liability on defendant but only an alleged duty to reconvey the property.

On this analysis, defendant has no defense to the mortgage, which admittedly is in arrears.

It is Ordered that plaintiff's motion for summary judgment be granted.

A judgment of foreclosure may be submitted on five days' notice.