**NORTHWEST PIPELINE CORPORATION,**
Plaintiff,

v.

**J. Lynn HELMS, Defendant.**

**Civ. A. No. 83–1427.**

United States District Court,
District of Columbia.

Nov. 4, 1983.

Rush Moody, Jr., P.C., R. Bruce McLean, P.C., Edward L. Rubinoff, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for plaintiff.

C. Alexander Hewes, Jr., Hewes, Morella, Gelband & Lamberton, P.C., Washington, D.C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

This case, which is currently before the Court on cross motions for summary judgment, involves efforts by the plaintiff to rescind or reform a settlement agreement based on a mistake of fact. Plaintiff argues that the settlement agreement is not binding since it was never fully executed by the defendant. In the alternative, plaintiff contends that the circumstances require reformation or rescission of the agreement.

The facts are straightforward. In March, 1981, defendant purchased a cooperative apartment in the Watergate West complex in Washington, D.C. As part of this transaction, defendant executed a collateral note in which he promised to pay the holder eight quarterly interest payments of $8,565.42 each and, on March 18, 1983, a balloon payment covering the principal in the amount of $244,726.47. The apartment was the collateral which secured the note. Plaintiff holds this note as assignee. Defendant made the first six interest payments on schedule. The seventh payment, due on December 18, 1983, was never made. In late March, 1983, when neither the eighth interest payment nor the balloon principal payment had been received, plaintiff commenced collection efforts. On March 23, 1983, defendant paid the eighth interest installment. When efforts to collect the principal were unavailing, plaintiff filed this lawsuit seeking damages, attorneys' fees, and costs.

It appeared at that time that the case could easily be settled. Defendant acknowledged the debt and blamed the dispute on a check which was allegedly lost in the mail. On June 22, 1983, defendant sent a check for $253,862.79 to the plaintiff, which amount represented payment of the $244,726.47 principal plus interest accrued on the principal from the date the suit was

commenced (interest was computed at the rate of $95.17 per day from May 19, 1983 to June 22, 1983, for a total of $9,136.37). No one mentioned the missing seventh interest installment of $8,565.42, apparently because of a communication breakdown in plaintiff's accounting department. Believing that all the principal and interest due under the note had been paid, plaintiff accepted the check and, on July 7, 1983, sent defendant a letter that stated, in part,

> enclosed please find a copy of the collateral note executed by Mr. Helms on March 18, 1981, which we have marked cancelled as evidence of Northwest Pipeline Corporation's acceptance of this payment in satisfaction of the principal and interest due under the note.

Plaintiff also drafted a release covering claims as to the interest and principal, signed it, and sent it to the defendant for signature. The parties informed the Court at a status conference on July 14, 1983, that the sole remaining issue in the case involved whether plaintiff could recover attorneys' fees. The Court thereupon set a briefing schedule on the issue.

While preparing a summary judgment motion on the issue of attorneys' fees, plaintiff finally discovered that the seventh interest installment had never been made. When defendant refused to make the payment, plaintiff wrote to defendant that it was revoking the release and added a prayer for summary judgment on this issue to its motion. Plaintiff's motion for attorneys' fees was denied on September 9, 1983, and the Court ordered further briefing on the alleged mistake of fact of the plaintiff.

■ As a preliminary matter, plaintiff argues that "there was no 'mutually binding' settlement agreement in the first place releasing Defendant from his contractural obligations to make full payment under the note." Plaintiff's Statement of Points and Authorities in Support of its Renewed Motion for Summary Judgment at 7 (filed September 26, 1983). This claim flies in the face of plaintiff's own words and actions. While it is true that defendant never signed or filed the release which plaintiff had executed, plaintiff had already accepted payment on defendant's check, cancelled the collateral note that was the subject of the dispute, and written to defendant that it considered all claims for principal and interest thereby satisfied. The fact that the formal release was never signed by defendant cannot defeat what was clearly a fully executed contract: Defendant had offered to settle by sending the check, plaintiff accepted the settlement by accepting the check and confirmed its acceptance by its letter of July 7, 1983. *See Grand Rapids Gypsum Company v. Carter*, 302 F.Supp. 970 (E.D.N.Y.1969). Plaintiff is bound by the terms of this settlement agreement unless it can make a persuasive case for reformation or rescission.

■ Plaintiff only impliedly seeks reformation of the settlement agreement. Plaintiff's motion requests that the Court order the defendant to pay plaintiff a sum equal to the seventh interest installment, and its supporting memorandum argues that rescission is an appropriate remedy. But for the Court to leave the parties where they currently stand while requiring defendant to pay an additional $8,565.42 would constitute a reformation of the settlement agreement—essentially adding an additional amount to the sum defendant has already agreed to pay and paid—rather than a rescission of the agreement. Reformation is appropriate only to conform the agreement to the intentions of the parties at the time they contracted. *Beecher v. Able*, 575 F.2d 1010 (2d Cir.1978); 13 S. Williston, *A Treatise on the Law of Contracts* §§ 1546-48 (3d ed. 1970). It is not at all clear that both parties to the contract intended defendant to pay the full amount of the interest and principal owing on the note at the time of the settlement. While plaintiff was clearly mistaken as to whether defendant had made all the interest payments, nothing in the record indicates that defendant was aware of that mistaken belief. It seems possible, though unlikely, that defendant assumed plaintiff was consciously waiving the seventh interest pay-

ment in deciding to accept the settlement. Absent clearer evidence of a mutual intent of the parties on this point, reformation would be inappropriate.

■ It remains to be decided whether rescission of the settlement agreement would be appropriate. As a preliminary matter, it should be noted that the standard to be applied in deciding whether to grant rescission of a settlement agreement based on a unilateral mistake of fact varies little regardless of whether the Court follows District of Columbia law or fashions its own federal rule. In *Gamewell Manufacturing, Inc. v. HVAC Supply, Inc.*, 715 F.2d 112 (4th Cir.1983), the Fourth Circuit applied a federal standard, holding that relief for a unilateral mistake may be afforded "where the notice (of mistake) was reasonably prompt and the offeree has not altered its position so that relief would work a hardship upon it, and there are no other circumstances which would render it inequitable to grant such relief." 715 F.2d at 117. In the District of Columbia, courts look to "the circumstances surrounding the mistake" rather than mechanically rejecting motions to rescind where a unilateral mistake is alleged. *Simons v. Federal Bar Building Corporation*, 275 A.2d 545, 551 (D.C.1971). And in this Circuit, in a case where a party sought rescission of a release, our Court of Appeals noted that

> It is not a new idea that these release cases, involving as they do the invocation of the equitable powers of the court to avert injustice, are heavily affected by their own facts and do not lend themselves neatly to generalized legal rules.

*Wells v. Rau*, 393 F.2d 362, 364 (D.C.Cir. 1968).

■ Whichever standard is applied, it is clear that rescission is inappropriate here. The circumstances surrounding this mistake include the following: The seventh interest payment was forgotten due to the inefficient procedures of the plaintiff, a mortgage company, which should normally be held to the same standards of accuracy, timeliness, and sound business practice that it demands of its mortgagors. The

amount of money involved—$8,565.42—is insignificant relative to the total amount defendant paid in the settlement and, in fact, is less than the amount defendant voluntarily paid in settlement to cover interest accrued on the principal from the date of suit. The defendant has already reassigned the collateral, *see* Affidavit of Charles J. Ascenzi (filed October 19, 1983), and a rescission of the settlement would therefore involve considerable hardship for defendant and practical problems for the Court. Under these circumstances, rescission would be inequitable.

Plaintiff has accepted a settlement "in satisfaction of the principal and interest due under the note." Where, as here, plaintiff "says explicitly what it is paying for, ... the bargain so made is the one to be enforced." *Wells v. Rau, supra,* 393 F.2d at 365. The accompanying Order grants summary judgment for the defendant.